ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - telecopier
ATTORNEY FOR DEBTOR


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| HOWARD ROSENBERG | § | CASE 14-40512-7 |
| | § | |
| DEBTOR | § | |

**MOTION OF HOWARD ROSENBERG FOR APPROVAL OF PROPOSED FINAL DIVORCE DECREE**

**NOTICE**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Comes Now, Howard Rosenberg, ("Debtor") and hereby files this Motion for Approval of Agreed Final Decree of Divorce ("Motion"). In support of the Motion, the Debtor represents as follows:

**I. JURISDICTION**

1.      Pursuant to 28 U.S.C. §§ 1334 and 157 the Court has jurisdiction to hear this Motion. Pursuant to 28 U.S.C. § 157(b)(2)(A) and ©, the Motion presents a core proceeding.

## II.
## BACKGROUND

2.      On March 5, 2014, Howard Rosenberg, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3.      On May 1, 2014 this Court entered an order allowing the Debtor to continue his pending divorce proceeding.

4.      The Court required that any property division be returned to this Court for Approval.

5.      On October 27, 2014 the 296th Court for Collin County, Texas entered an Agreed Final Decree of Divorce ("Decree").

6.      The Decree resolved the divorce proceeding and divided the martial estate. A copy of the Decree is attached hereto as Exhibit A.

## III.  RELIEF REQUESTED

7.      As set forth above, the material terms of the Decree are as follows:

The Debtor will receive:

a.  41.28675% of the proceeds from the sale of the Debtor's homestead.

b.  All household furniture, fixtures, goods, art objects, collectibles, appliances and equipment in his possession.

c.  all clothing ,jewelry and other personal effect in his possession.

d.  all funds in the account at Bank of the Ozarks and cash in his possession.

e.  All rights to retirement plans in his name.

f.  All life insurance polices in his name unless specifically awarded to wife.

g.  2000 Honda Accord.

h. ownership in the following companies: all American Roofing & Construction, LLC., AARC/Dallas, LLC; AARC/Denton, LLC Kaz Construction, Inc. and Stone Canyon Development, LLC.

i. Fifty percent ownership in Rocky Regent 2006 LP oil and gas interest.

j. All photographs in his possession or control.

The wife will receive:

a. 58.71325% of the proceeds from the sale of the homestead

b. all household furniture, furnishings fixtures, goods, art objects, collectibles, appliances and equipment in her control.

c. All clothing, jewelry and other personal effects in her possession.

d. funds in the Chase Bank checking account and cash in her possession.

e. all funds in retirement accounts in her name.

f. the following life insurance policies: MML Policy and CML Life insurance Policy.

g. 2014 Audi Q5 motor vehicle.

h. Fifty percent ownership in Rocky Regent 2006 LP oil and gas interest.

j. All photographs in her possession or control.

8. The Debtor believes the Decree is in the best interests of the bankruptcy estate.

9 Bankruptcy Rule 9019(a) provides, "on motion by the Trustee and after a hearing on notice to creditors ... the Court may approve a compromise or settlement." Approval of the compromise is specifically "committed to the sound discretion of the Bankruptcy Court." River City vs. Herpel, (In re Jackson Brewing Co.), 624 F.2d 599, 602-603 (5th Cir. 1980).

10. The compromise contained herein meets the standard set forth in Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. vs. Anderson, 390 U.S. 414, Reh'g denied, 391 U.S. 909 (1968) ("TMT Trailer Ferry"). In TMT Trailer Ferry, the United

States Supreme Court stated that the following factors are to be considered in determining the appropriateness of a compromise:

a. The probabilities of ultimate success should the claim be litigated;

b. educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

c. The comparison of the terms of the compromise with likely rewards of litigation.

TMT Trailer Ferry, 390 U.S. at 424-25. Further, In re Jackson Brewing, 624 F.2d at 602, the Fifth Circuit specified other considerations, e.g., (i) uncertainties of fact and law which impact the probability of success and litigation, and (ii) delay and inconvenience which impacts the complexity/duration of the litigation.

## VI. CONCLUSION

WHEREFORE, the Debtors request the Court enter an Order approving the Decree and approving and incorporating the terms of the Decree set forth herein and further granting the Debtor such other and further relief, both at law and in equity, to which they are justly entitled.

Respectfully submitted,

\_\_/s/ Eric Liepins\_\_
Eric Liepins, SBN 12338110
12770 Coit Road
Suite 1100

Dallas, Texas 75251

(972) 991-5591

(972) 991-5788- telecopier

ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was sent to all creditors of the estate on this the 31st day October 2014.

__/s/ Eric Liepins

Eric Liepins