Filed: 10/27/2014 12:46:56 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Erica Armenta Deputy
Envelope ID: 2963395

## NO. 296-54040-2013

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| KATHLEEN BRADY | § | |
| ROSENBERG | § | |
| AND | § | |
| HOWARD ROSENBERG | § | |
| | § | 296th JUDICIAL DISTRICT |
| AND IN THE INTEREST OF | § | |
| JACOB D. ROSENBERG, | § | |
| LAUREN N. ROSENBERG AND | § | |
| LOGAN F. ROSENBERG, | § | |
| CHILDREN | § | COLLIN COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

On October 27, 2014 the Court heard this case.

*Appearances*

Petitioner, Kathleen Brady Rosenberg, appeared in person and has agreed to the terms of this order as evidenced by Petitioner's signature and the signature of counsel of record, Rebecca J. Manuel, below.

Respondent, Howard Rosenberg, appeared in person and through attorney of record, David Sidney Mao, has agreed to the terms of this order as evidenced by Respondent's signature and the signature of counsel of record and has announced settlement.

*Record*

The record of testimony was duly reported by the court reporter for the 296 Th Court of Collin County, Texas.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain

all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Severance of Divorce and Property Division Findings and Agreements*

The parties agree and the Court therefore finds that the cause of action asserted by Kathleen Brady Rosenberg against Howard Rosenberg relating to the conservatorship, rights and duties and support of the parties' three children (hereinafter "the SAPCR") has been severed from this action (being Cause Number 296-54040-2013, hereafter "the Divorce") and made the subject of a separate action.

A separate judgment shall be entered in the Divorce and in the SAPCR, each judgment to be final and to dispose completely of all the issues between the parties in the two respective separate suits.

*Agreement of Parties Regarding Divorce and Property Division*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Agreed Final Decree of Divorce.

The agreements in this Agreed Final Decree of Divorce were reached pursuant to the informal settlement process. This Agreed Final Decree of Divorce is stipulated to represent a merger of an informal settlement agreement between the parties. To the extent there exist any differences between the informal settlement agreement and this Agreed Final Decree of Divorce, this Agreed Final Decree of

Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that Kathleen Brady Rosenberg, Petitioner, and Howard Rosenberg, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Children of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following children:

Name:           **Jacob D. Rosenberg**
Sex:            Male
Birth date:     November 19, 1997
Home state:     Texas

Name:           **Lauren N. Rosenberg**
Sex:            Female
Birth date:     May 31, 2001
Home state:     Texas

Name:           **Logan F. Rosenberg**
Sex:            Female
Birth date:     May 31, 2001
Home state: Texas

The Court finds no other children of the marriage are expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the child of the marriage.

Property to Husband
IS ORDERED AND DECREED that the husband, Howard Rosenberg, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property: all property listed on Exhibit

1.

### Property to Wife
IT IS ORDERED AND DECREED that the wife, Kathleen Brady Rosenberg, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property: all property listed on Exhibit 2.

### Division of Debt
### Debts to Husband
IT IS ORDERED AND DECREED that the husband, Howard Rosenberg, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items: all debt listed on Exhibit 3.

### Debts to Wife
IT IS ORDERED AND DECREED that the wife, Kathleen Brady Rosenberg, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items: all debt listed in Exhibit 4.

### Confirmation of Separate Property
IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Howard Rosenberg: all property listed on Exhibit 5.

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of Kathleen Brady Rosenberg: all property listed on Exhibit 6.

### Financial Children's Accounts
The provisions related to the children's accounts and property are set forth on Exhibit 7.

All Exhibits (No. 1-7) are incorporated herein fully as part of this Decree.

### Notice
IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

### Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own unpaid attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

### Health Insurance for the Parents

IT IS AGREED AND THEREFORE ORDERED that Kathleen Brady Rosenberg and Howard Rosenberg shall each be responsible for his or her own health insurance starting September 1, 2014.

### Liability for Federal Income Taxes for Disbursements/Loans from 401(k)s, IRAs, Life Insurance Policies and Trust

IT IS ORDERED AND DECREED that Kathleen Brady Rosenberg shall be solely responsible for all federal income tax liabilities on all disbursements and loans taken from her 401(k), her Individual Retirement Account, and any Life Insurance Policy insuring the lives of the children, and she shall timely pay 100 percent of any deficiencies, assessments, penalties, or interest due thereon and she shall indemnify and hold Howard Rosenberg and his property harmless from such liabilities. IT IS ORDERED AND DECREED that Howard Rosenberg shall be solely responsible for all federal income tax liabilities on all disbursements and loans taken from his 401(k) and his Individual Retirement Account, and he shall timely pay 100 percent of any deficiencies, assessments, penalties, or interest due thereon and he shall indemnify and hold Kathleen Rosenberg and her property harmless from such liabilities. IT IS FURTHER ORDERED AND DECREED that each party shall be responsible for 50% of any federal income tax liabilities relating or otherwise related to the Howard Rosenberg 2002 Irrevocable Life Insurance Trust, CML Life Insurance Policy No. 525 (last three digits) and the MassMutual Life Insurance Policy No. 277 (last three digits) and each party shall timely pay 50% percent of any deficiencies, assessments, penalties, or interest due thereon and each party shall indemnify and hold the other party and his or her property harmless from his or her respective share of such liabilities. The parties agree that nothing contained herein shall be construed as or is intended as a waiver of any rights that a party has under the "Innocent Spouse" provisions of the Internal Revenue Code. Further, all federal income tax liabilities and penalties on all disbursements and loans taken by a party without a Court Order shall be the sole responsibility of the party who took said funds and shall indemnify and hold the other party and his or her property harmless from such liabilities unless such additional tax or penalty.

## Federal Income Tax/Treatment/Allocation of Community Income for 2014

For the purposes of determining income tax liability, and except as specifically set forth in this Decree, the parties agree and hereby partition 100 percent of the income, gain, loss, and deductions attributable to a party from that party's individual labor, that party's individual efforts, or the property awarded in this agreement to that party, as his or her sole and separate property, as if that party had been single and unmarried from January 1, 2014, through the date of divorce. The partition further assigns to a party any exemptions, exclusions, estimated tax payments, and withholdings made by that party or for his or her benefit from January 1, 2014, through the date of divorce, as if the same were that party's separate property. The parties agree and IT IS ORDERED AND DECREED that, for purposes of determining income tax liability, any property awarded to a party in this decree shall be deemed to be partitioned to that party and have been that party's separate property as of January 1, 2014, and thereafter. The parties further agree and IT IS ORDERED AND DECREED that any tax payments and any payments that are tax deductible are assigned to the party who made those payments.

IT IS ORDERED AND DECREED that for the calendar year 2014, each party will file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that Kathleen Brady Rosenberg shall report 100 percent of her income, withholding, prepayments, and deductions and none of Howard Rosenberg's income, withholding, prepayments, and deductions. Kathleen Brady Rosenberg shall be entitled to receive 100 percent of any refund for which she might be entitled on her 2014 federal income tax return. Kathleen Brady Rosenberg shall pay 100 percent of any liability shown on her 2014 federal income tax return.

IT IS ORDERED AND DECREED that Howard Rosenberg shall report 100 percent of his income, withholding, prepayments, and deductions and none of Kathleen Brady Rosenberg's income, withholding, prepayments, and deductions. Howard Rosenberg shall be entitled to receive 100 percent of any refund for which he might be entitled on his 2014 federal income tax return. Howard Rosenberg shall pay 100 percent of any liability shown on his 2014 federal income tax return.

IT IS ORDERED AND DECREED that for calendar year 2014, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year

unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested and necessary to prepare federal income tax returns for 2014 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2015. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that each party shall preserve for a period of seven years from the date of divorce all financial records relating to the community estate. Each party is ORDERED to allow the other party access to these records to determine acquisition dates or tax basis or to respond to an IRS examination within five days of receipt of written notice from the other party. Access shall include the right to copy the records.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Agreed Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

Federal Income Tax Loss Carryovers
IT IS AGREED AND THEREFORE ORDERED that any tax loss carryovers for all years of marriage through 2014 shall be divided equally between the parties.

Future Division of Assets and Debts
IT IS ORDERED AND DECREED that any assets of the parties not awarded or divided by this Agreed Final Decree of Divorce are subject to future division as provided in the Texas Family Code except as specifically set forth below related to undisclosed funds.

IT IS FURTHER ORDERED AND DECREED, as a part of the division of the estate of the parties, that any community liability not expressly assumed by a party under this decree is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability.

*Permanent Injunctions as to Persons*

The Court finds that permanent injunctions should be granted as appropriate relief. The permanent injunction granted below shall be effective immediately and shall be binding on Kathleen Brady Rosenberg and Howard Rosenberg and; on his or her agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise: IT IS ORDERED that Kathleen Brady Rosenberg and Howard Rosenberg are permanently enjoined from improperly tampering with any currently existing case or action involving the other party.

*Service of Writ*

Petitioner and Respondent waive issuance and service of the writ of injunction, by stipulation or as evidenced by the signatures below. IT IS ORDERED that Petitioner and Respondent shall be deemed to be duly served with the writ of injunction.

*Court Costs*

IT IS ORDERED AND DECREED that unpaid costs of court are to be borne by the party who incurred them.

*Decree Acknowledgment*

Petitioner, Kathleen Brady Rosenberg, and Respondent, Howard Rosenberg, each acknowledge that before signing this Agreed Final Decree of Divorce they have read this Agreed Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Agreed Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Agreed Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Agreed Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Agreement Voluntary and Clearly Understood*

Each party to this decree stipulates that he or she:

a.  is completely informed of the facts relating to the subject matters contained in this decree and the rights and liabilities of both parties;

b.  enters into this decree voluntarily after receiving, or having the opportunity to receive but declining, the advice of independent counsel;

c.  has given careful and mature thought to the making of this decree;

d.  has carefully read each and every provision of this decree; and

e.  completely understands the provisions of this decree, as to both the subject matter and the legal effect.

*Execution of Other Documents*

IT IS ORDERED that each party shall, within ten days of receiving written notice from the other party, execute and deliver to the other party any deeds, bills of sale, assignments, consents to change of beneficiaries of insurance policies, tax return and other documents or instruments as may be necessary to effectuate the provisions of this Agreed Final Decree of Divorce and shall do or cause to be done any other reasonable and necessary acts as may be necessary to effectuate the provisions and purposes of this decree. This Decree shall serve as muniment of title to transfer ownership of property awarded to any party in this Agreed Final Decree of Divorce.

*Rights and Waivers*

KATHLEEN BRADY ROSENBERG acknowledges her rights to have attorneys, accountants, business and property evaluation specialists, appraisers, and other qualified people to further determine the nature and extent of the parties' property and her property rights and values associated therewith and to conduct discovery through depositions, interrogatories, request for admissions, request for document production or any other judicial remedies available.

KATHLEEN BRADY ROSENBERG has waived these rights and has not pursued any steps in connection with discovery, inspection, investigation, appraisal or evaluation of the parties' business interests, properties, or liabilities but has relied on the representations in the Husband's sworn Inventory and Appraisement signed on February 24, 2014.

KATHLEEN BRADY ROSENBERG acknowledges this Agreed Final Decree of Divorce contains the express terms that have been agreed upon between her and HOWARD ROSENBERG. She requests that this Agreed Final Decree of Divorce be approved by the Court.

HOWARD ROSENBERG acknowledges his rights to have attorneys, accountants, business and property evaluation specialists, appraisers, and other qualified people to further determine the nature and extent of the parties' property and his property rights and values associated therewith and to conduct discovery

through depositions, interrogatories, requests for admissions, requests for document production or any other judicial remedies available.

HOWARD ROSENBERG has waived these rights, and did not pursue any steps in connection with discovery, inspection, investigation, appraisal or evaluation of the parties' business interests, properties, or liabilities but has relied on the representations in the Wife's sworn Inventory and Appraisement signed on February 18, 2014.

HOWARD ROSENBERG acknowledges this Agreed Final Decree of Divorce contains the express terms that have been agreed upon between him and KATHLEEN BRADY ROSENBERG. He requests that this Agreed Final Decree of Divorce be approved by the Court.

*Property Descriptions*

This Agreed Final Decree of Divorce was prepared based upon information provided by the parties. The parties have endeavored to use the correct legal description for each asset, debt, liability and obligation in this Agreed Final Decree of Divorce. If any asset, debt, or obligation is incorrectly described, the parties agree that the description used herein is adequate for the purposes of this Agreed Final Decree of Divorce and the parties agree to execute any additional paperwork required so that the asset, debt, liability or obligation is properly identified and allocated.

*Release of Attorney*

The Court finds that David Sidney Mao, attorney for HOWARD ROSENBERG, has fulfilled the obligations with respect to this cause of action and, upon entry of this Decree with the Court, should be and is therefore released as attorney of record in this cause.

The Court finds that Rebecca J. Manuel, attorney for KATHLEEN BRADY ROSENBERG, has fulfilled the obligations with respect to this cause of action and, upon entry of this Decree with the Court, should be and is therefore released as attorney of record in this cause.

*Affidavit of Non-Prosecution*

Howard Rosenberg shall execute and his attorney David Sidney Mao shall

deliver to Kathleen Brady Rosenberg via her attorney Rebecca J. Manuel an executed irrevocable Affidavit of Non-Prosecution (receipt is acknowledged).

*Release of All Claims*

Each party to this Decree releases the other from all claims, liabilities, debts, obligations, actions, and causes of action relating to or arising from the marriage between the parties, including any matters that could have been claimed at this time but were not. However, neither party is relieved or discharged from any obligation contained in this Decree or under any instrument or document executed in accordance with this Decree.

*Resolution of Temporary Orders, Rule 11 Agreements and Other Interim Orders*

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary orders, Rule 11 Agreements or other interim Orders of this Court that do not involve SAPCR matters.

*Clarifying Orders*

Without affecting the finality of this Agreed Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this Decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in the non-SAPCR portion of this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This Agreed Final Decree of Divorce, including the granting of the divorce of the parties, is effective on October 27, 2014. However, the debt allocation and property division and characterization set forth herein shall become effective upon the entry of an Order approving this Agreed Final Decree of Divorce by the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, in

Cause Number 14-40512 and styled "In Re: Howard Rosenberg, Debtor."

SIGNED on this 27th day of October, 2014.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM ONLY:**

Palmer & Manuel, LLP
Campbell Centre I, Suite 1111
8350 North Central Expressway
Dallas, Texas 75206
Tel: (214) 891-7072
Fax: (214) 891-7071
E-mail: rmanuel@pamlaw.com

By: _____
    Rebecca J. Manuel
    Attorney for Petitioner Kathleen Brady Rosenberg
    State Bar No. 12957545

JONES, ALLEN & FUQUAY, LLP
8828 Greenville Ave.
Dallas, Texas 75243
Tel: 214-343-7400
Fax: 214-343-7455
E-mail: davidmao@airmail.net

By: _____
    David Sidney Mao
    Attorney for Respondent Howard Rosenberg
    State Bar No. 00787961

**APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:**


_____
Petitioner, Kathleen Brady Rosenberg


_____
Respondent, Howard Rosenberg

*RAM*

EXHIBIT 1
PROPERTY TO HUSBAND

H-1. Five hundred thousand dollars ($500,000.00) of the proceeds held in escrow at the Stewart Title Guaranty Company from the sale of the Stone Canyon Residence, plus 41.28675% of the total interest thereon, pursuant to the *Order Granting Debtor's Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances* in Cause No. 14-40512 in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

H-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control, except as set forth below and except as to the children's property as more specifically set forth below in Exhibit 7.

H-3. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control, except as set forth below and except as to the children's property as more specifically set forth below in Exhibit 7.

H-4. The following funds and cash, together with accrued but unpaid interest thereon:

    a.    Bank of the Ozarks checking, No. 9430 (last four digits) in the Husband's name.

    b.    All actual cash (being checks, bills and coins) in Husband's possession or control as of October 24, 2014 under $2,500.00.

<u>Undisclosed Funds Awarded to the Wife</u>
All funds in the Husband's sole name or control a) at any bank, savings account, savings institution, brokerage, or other financial institution or with any third party not listed above; and b) any cash in excess of $2,500.00 in Husband's possession as of October 24, 2014, is awarded to the Wife.

H-5. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, together with accrued but unpaid interest thereon.

H-6. All individual retirement accounts in the husband's name.

H-7. All policies of life insurance (including cash values) insuring the husband's life, except as specifically awarded to Wife below.

H-8. The 2000 Honda Accord motor vehicle in the Husband's name, together with all prepaid insurance, keys, and title documents.

H-9. The following companies/entities, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business, except as specifically set forth otherwise in this Decree:

    a.    All American Roofing & Construction, LLC.
    b.    AARC/Dallas, LLC.
    c.    AARC/Denton, LLC.
    d.    Kaz Konstruction, Inc.
    e.    Stone Canyon Development, LLC.

H-10. Fifty percent (50%) of the parties' interest in Rocky Regent 2006 LP oil and gas interest.

H-11. All family photographs in Husband's possession or control.

EXHIBIT 2
PROPERTY TO WIFE

W-1. Seven hundred eleven thousand, forty two dollars ($711,042.00) of the proceeds held in escrow at the Stewart Title Guaranty Company from the sale of the Stone Canyon Residence, plus 58.71325% of the total interest, pursuant to the *Order Granting Debtor's Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances* in Cause No. 14-40512 in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

W-2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, except the children's property as more specifically set forth below in Exhibit 7.

W-3. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control, except the children's property as more specifically set forth below in Exhibit 7.

W-4. The following funds and cash, together with accrued but unpaid interest thereon:

    a.    Chase checking, No. 7575 (last four digits) in the Wife's name.
    b.    All actual cash (being checks, bills and coins) in Wife's possession or control as of October 24, 2014 under $2,500.00.

Undisclosed Funds Awarded to the Husband
All funds in the Wife's sole name or control a) at any bank, savings account, savings account, savings institution, brokerage, or other financial institution or with any third party not listed above; and b) or any cash in excess of $2,500.00 in Wife's possession as of October 24, 2014, is awarded to the Husband.

W-5. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment, and proceeds therefrom.

W-6. The individual retirement accounts and proceeds therefrom in the wife's name.

W-7. All policies of life insurance (including cash values and loan proceeds) insuring the wife's life or the children's life, including the following policies:

a.   MML Policy, No. 277 (last three digits).
b.   CML Life Insurance Policy, No. 525 (last three digits)(the "Trust Policy").

W-8. The 2014 Audi Q5 motor vehicle in the Wife's name, together with all prepaid insurance, keys, and title documents.

W-9. Fifty percent (50%) of the parties' interest in Rocky Regent 2006 LP oil and gas interest.

W-10. All family photographs in the Wife's possession or control.

EXHIBIT 3
DEBTS TO HUSBAND

H-1.  All debts, charges, liabilities, and other obligations incurred solely by the husband or in the Husband's sole name, unless express provision is made in this decree to the contrary.

H-2.  All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the personal property awarded to the husband in this decree, unless express provision is made in this decree to the contrary.

H-3.  The balance due, including principal, interest, and all other charges payable as part of the purchase price of the motor vehicle awarded to husband.

H-4.  All debts, charges, liabilities, taxes and other obligations, including contingent and future liabilities, associated with:

1)  All American Roofing & Construction, LLC.
2)  AARC/Dallas, LLC.
3)  AARC/Denton, LLC.
4)  Kaz Konstruction, Inc.
5)  Stone Canyon Development, LLC.

EXHIBIT 4
DEBTS TO WIFE

W-1.     All unpaid debts, charges, liabilities, and other obligations incurred solely by the wife or in the wife's sole name, unless express provision is made in this decree to the contrary.

W-2.     All unpaid encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the personal property awarded to the wife in this decree, unless express provision is made in this decree to the contrary.

W-3.  The balance due, including principal, interest, and all other charges on the promissory note payable as part of the purchase price of the motor vehicle awarded to wife.

W-4.  The following unpaid debts, charges, liabilities, and obligations:

a.     Debt owed to Bank of America Credit Card, Account No. 2713 (last four digits); and

b.     Debt owed to Bank of America Visa Signature Credit Card, Account No. 3244 (last four digits).

## EXHIBIT 5
### SEPARATE PROPERTY OF HUSBAND

HSP-1.   All men's jewelry listed in the Husband's sworn Inventory & Appraisement on February 18, 2014, or in Husband's sole possession or control.


## EXHIBIT 6
### SEPARATE PROPERTY OF WIFE

WSP-1.   All women's jewelry listed in the Husband's sworn Inventory & Appraisement on February 18, 2014, or in Wife's sole possession or control.

WSP-2.   All jewelry stolen from the Wife and listed on the Dallas Police Department Offense Report, No. 1062446-A.

IT IS AGREED AND THEREFORE ORDERED that the Husband shall deliver to the Wife all documents related to her jewelry and watches within 30 days or as soon as located, whichever is earlier.

# EXHIBIT 7
## PROPERTY OF THE CHILDREN

Children's No. 1.  Savings Bonds (Jacob D. Rosenberg).

    1.    The Savings Bonds in Jacob D. Rosenberg's and Kathleen Brady Rosenberg's names are to be held in trust by Kathleen Brady Rosenberg.

    2.    The Savings Bonds in Jacob D. Rosenberg's and ~~Kathleen Brady~~ *Howard* Rosenberg's names are to be held in trust by Howard Rosenberg.

    3.    On Jacob D. Rosenberg's 18th birthday, Howard Rosenberg and Kathleen Brady Rosenberg shall deliver such Savings Bonds to Jacob D. Rosenberg.

Children's No. 2.  Savings Bonds (Lauren N. Rosenberg).

    1.    The Savings Bonds in Lauren N. Rosenberg's and Kathleen Brady Rosenberg's names are to be held in trust by Kathleen Brady Rosenberg.

    2.    The Savings Bonds in Lauren N. Rosenberg's and ~~Kathleen Brady~~ *Howard* Rosenberg's names are to be held in trust by Howard Rosenberg.

    3.    On Lauren N. Rosenberg's 18th birthday, Howard Rosenberg and Kathleen Brady Rosenberg shall deliver such Savings Bonds to Lauren N. Rosenberg.

Children's No. 3.  Savings Bonds (Logan F. Rosenberg).

    1.    The Savings Bonds in Logan F. Rosenberg's *Kathleen Brady Rosenberg* name are to be held in trust for the child by *Kathleen Brady* Rosenberg.

    2.    The Savings Bonds in Logan F. Rosenberg's and ~~Kathleen Brady~~ *Howard* Rosenberg's names are to be held in trust by Howard Rosenberg.

    3.    On Logan F. Rosenberg's 18th birthday, Howard Rosenberg and Kathleen Brady Rosenberg shall deliver such Savings Bonds to Logan F. Rosenberg.

Children's No. 4.  Children's personal property furnishings and personal effects.

    1.    All of the children's personal property and personal effects are awarded to the children, to be held in trust by Howard Rosenberg.

    2.    If the children begin living primarily with Kathleen Brady Rosenberg

per a Court Order, CPS recommendation or mutual written agreement of the parties, then the children's property shall go with the children.

3.   The children's property shall be gifted, awarded and delivered to the children when each child reaches the age of 21 years, unless the parties mutually agree in writing to provide the property earlier.

Children's No. 5. <u>College Funds</u>

1. American Funds, VCSP/College America, No. 5721 (last four digits), in the name of the Husband as custodian for Jacob D. Rosenberg.
2. Texas Guaranteed Tuition Plan, No. 1401 (last four digits), in the name of the Husband as custodian for Jacob D. Rosenberg.
3. American Funds, VCSP/College America, No. 7079 (last four digits), in the name of the Husband as custodian for Lauren N. Rosenberg.
4. Texas Guaranteed Tuition Plan, No. 1189 (last four digits), in the name of the Husband as custodian for Lauren N. Rosenberg.
5. American Funds, VCSP/College America, No. 7078 (last four digits), in the name of the Husband as custodian for Logan F. Rosenberg.
6. Texas Guaranteed Tuition Plan, No. 0369 (last four digits), in the name of the Husband as custodian for Logan F. Rosenberg.

These accounts are collectively referred to as the Children's College Accounts.

Howard Rosenberg shall remain as the custodian of the Children's College Accounts and manage such accounts on behalf of the children in accordance with the Rules and Regulations for non-taxable distributions from each of the Children's College Accounts.

IT IS ORDERED that Howard Rosenberg shall provide annual statements to Kathleen Brady Rosenberg regarding each of the Children's College Accounts within 20 days of receipt, beginning with the 2014 annual statements.

IT IS AGREED AND THEREFORE ORDERED that any funds remaining in a child's College Account after that individual child turns 25 years old is awarded 50% to the Wife and 50% to the Husband.