# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IN RE: | Case No.: 14-40512 |
| **HOWARD ROSENBERG**<br>xxx-xx-5612<br>5626 Stone Canyon Drive<br>Frisco, TX 75034<br>Debtor(s). | Chapter: 7 |

## TRUSTEE'S OBJECTION TO MOTION OF HOWARD ROSENBERG FOR APPROVAL OF PROPOSED FINAL DIVORCE DECREE

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** Mark Weisbart, the duly appointed and acting Chapter 7 Trustee in the above-styled and numbered case (the "**Trustee**"), files this *Trustee's Objection to Motion of Howard Rosenberg for Approval of Proposed Final Divorce Decree* (the "**Objection**") by and through the undersigned counsel. In support of the Objection, the Trustee would respectfully show the Court as follows:

1. This case was commenced by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 5, 2014 (the "**Petition Date**").

2. Mark Weisbart was thereafter appointed as the interim trustee and is the acting Chapter 7 Trustee.

3. The Trustee conducted the First Meeting of Creditors on March 28, 2014, which Meeting was eventually concluded on June 6, 2014.

### A. The Divorce

4. Kathleen Brady Rosenberg ("**Kathy**") filed a petition for divorce from the Debtor on August 2, 2013.

5. The petition for divorce was filed in the District Court, 296th Judicial District, Collin County, Texas, Case No. 296-54040-2013, and styled as *In the Matter of the Marriage of Kathleen Brady Rosenberg and Howard Rosenberg* (the "**Divorce Action**").

6. The Divorce Court entered an order on April 15, 2014, requiring the Debtor and his non-filing spouse, Kathy, to list sell their homestead located at 5526 Stone Canyon Drive, Frisco, Texas 75034 (the "**Homestead**").

7. The Debtor, on July 7, 2014, filed *Debtor's Motion to Sell Property Free and Clear of Liens, Claims and Encumbrances* (the "**Sale Motion**") [Doc. No.: 32]. This matter was set on an expedited basis.

8. The Trustee, through counsel, objected to the Sale Motion to the extent such sale would deprive the bankruptcy estate of the net sales proceeds to extent such proceeds were not used to acquire a new homestead within six (6) months of the sale of the Homestead. This objection was made in light of the recent Fifth Circuit opinion, *In re Frost*, 744 F.3d 384 (5th Cir. 2014).

9. This Court granted the Sale Motion, but in so doing, provided a mechanism to protect any interests the bankruptcy estate might have in the referenced sales proceeds. This order was entered on August 6, 2014 [Doc. No.: 41].

10. The Homestead was sold on August 15, 2014, for $1,320,500. There was no mortgage on the Homestead as of the Petition Date.

11. The Debtor and Kathy entered into an Agreed Final Decree of Divorce on October 27, 2014 ("**Divorce Decree**"), which decree, as regards the division of the marital

estate, is subject to this Court's approval. The Debtor, on October 31, 2014, filed *Motion of Howard Rosenberg for Approval of Proposed Final Divorce Decree* [Doc. No. 61].

12. The Divorce Decree provides that Debtor will receive a 41.28675% interest in the proceeds received from the sale of the Homestead while Kathy is to receive a 58.71325% interest in the proceeds received from the sale of the Homestead.

### B. Trustee's Settlement with Kathy

13. The Trustee has received an offer to settle any and all claims the trustee has in Kathy's interest in $55,000.00 of the Homestead sales proceeds. This settlement agreement, if approved will net the bankruptcy estate $33,000.00.

14. The Settlement Agreement did not resolve the issue of a disproportionate division of the marital estate. Instead, that issue was left to the discretion of this Court.

15. The Trustee filed a Motion to Approve Settlement Agreement on November 5, 2014 [Doc. No. 66].

### C. Objection

16. The Divorce Decree is of little concern to the Trustee except to the extent it divides property of the bankruptcy estate[1]. The Divorce Decree, if approved, will declare that certain bankruptcy estate property is Kathy's separate property thereby effectively removing it from the bankruptcy estate.

17. Further, the Trustee does not oppose a division of the marital estate, and has in fact, as stated *supra*, agreed to the same in concept.

---

[1] This Court has exclusive jurisdiction over property of the bankruptcy estate.

18. The Trustee does, however, object to a division of the marital estate that is disproportionate.

19. All community property (except for that which is solely managed by a non-filing spouse) is property of the bankruptcy estate. 11 U.S.C. § 541(a)(2). As such, it is the Trustee's position that any division of the marital estate should be equal.

20. The creditors of the bankruptcy estate are not (were not) parties to the marriage. The creditors of this bankruptcy estate should not be punished disproportionately because of the marital challenges faced by Kathy and the Debtor.

21. As an aside, it should also be noted that the *Motion of Howard Rosenberg for Approval of Proposed Final Divorce Decree* (the "**Motion**") should not have been cast as a 9019 Motion as there is no agreement with the Trustee.[2] Absent the consent of the Trustee, there can be no 9019 Motion.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests the Court deny the Motion; and for such other and further relief as this Court might deem just and proper.

Respectfully submitted,

Dated: November 14, 2014

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
T 972-578-1400
F 972-346-6791
**Counsel for Mark Weisbart, Chapter 7 Bankruptcy Trustee**

---

[2] Bankruptcy Rule 7001 requires that all actions for money or property be filed as an adversary proceeding. FRBP 7001(1).

# CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 14th day of November, 2014. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first class mail.

## DEBTOR

Howard Rosenberg
4669 Refugio Road
Frisco, TX 75034

## UNITED STATES TRUSTEE

Office of the United States Trustee
110 North College Avenue, Suite 300
Tyler, TX 75702

## DEBTOR'S COUNSEL

Eric A. Liepins
12770 Coit Road, Suite 1100
Dallas, TX 75251

## INTERESTED PARTIES

Kathy Rosenberg
c/o Martin J. Lehman, P.C.
PALMER & MANUEL, L.L.P.
8350 N. Central Expwy, Suite 1111
Dallas, TX 75206

*/s/ Robert T. DeMarco*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**   972-578-1400
**F**   972-346-6791